```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


CINCINNATI INSURANCE COMPANY,      )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No. 4:05 CV 2323 DDN
                                   )
JOHN MORRIS,                       )
                                   )
            Defendant.             )
```

## MEMORANDUM AND ORDER

A hearing held on October 11, 2006, on the motion of plaintiff to compel discovery (Doc. 19). As set forth below, the motion is sustained in part and otherwise denied.

Plaintiff Cincinnati Insurance Company commenced this action for a declaration by the court that defendant John Morris caused, or directed, or knew and consented to, the fire that destroyed his home on August 31, 2005, and that plaintiff is not liable for fire damages under the homeowner's policy it issued for the residence. Defendant counterclaimed for breach of contract and attached to the pleading a copy of the letter plaintiff issued denying coverage for the claimed losses.

Plaintiff submitted to defendant several interrogatories to answer, several requests for the production of documents, and several document release forms for defendant to execute. Several of these discovery requests were objected to by defendant and plaintiff filed the instant motion. In advance of the hearing the parties were able to settle all but the matters discussed below.

Interrogatory 3

No. 3 requests information about whether defendant has ever been treated at a hospital or other facility for drug, alcohol, or medication addiction or abuse. Defendant argues that this information is privileged by Revised Statutes of Missouri § 491.060(5). Indeed, in this diversity action, the court must look to the Missouri law of privileges to resolve this discovery dispute. See Federal Rule of Evidence 501. In Missouri, "[m]edical records are subject to the physician-patient testimonial privilege codified under § 491.060(5) RSMo 1994." State ex rel. Stecher v. Dowd, 912 S.W.2d 462, 464 (Mo. Ct. App.

1995). This privilege is limited by the extent to which a patient puts his medical condition in issue under the pleadings. Id.

As the record at the hearing discloses, defendant put his medical condition in issue by making a sworn statement to the plaintiff that on the day of the fire he was several times hospitalized for care of a spider bite and also participated in an apparently illegal drug transaction. This information is relevant to defendant's whereabouts on the day of the fire and his motives, or lack thereof, for having some involvement with the fire. The court overrules defendant's objection to answering this interrogatory.

Interrogatory 8

In No. 8 plaintiff seeks information about any hospital or medical care for the period beginning five years before the fire up to now. In response, defendant's counsel states that he has provided such information regarding plaintiff's visiting one hospital on the day of the fire but not for another because defendant has not yet acquired those records. The court agrees that the request generally for all of defendant's medical and hospitalization records, for the period other than the day of the fire and not included in Interrogatory 3, has not been shown to be discoverable under F. R. Civ. P. 26(b), and subject to the Missouri patient-physician privilege. The court will order defendant to supply plaintiff with all information regarding any hospital or medical care on the day of the fire.

Interrogatory 9

Plaintiff seeks whether or not the persons identified by defendant in his Rule 26 disclosures provided defendant with statements about the fire and defendant's claimed losses, and certain information about those persons. Plaintiff does not ask what the statements are. Defendant argues that this interrogatory seeks both tangible and intangible work product that is protected from discovery by Missouri Supreme Court Rule 56.01(b)(3). The Missouri work product doctrine or privilege is codified in Rule 56.01(b)(3) which provides:

> (3) *Trial Preparation: Materials* . Subject to the provisions of Rule 56.01(b)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under Rule 56.01(b)(1) and prepared in anticipation of litigation or for trial by or for another party or by or for that other

> party's representative, including an attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the adverse party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
>
> A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. For purposes of this paragraph, a statement previously made is: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, audio, video, motion picture or other recording, or a transcription thereof, of the party or of a statement made by the party and contemporaneously recorded.

See Mo.S.Ct.R. 56.01(b)(3).

> The work product privilege precludes an opposing party from discovering materials created or commissioned by counsel in preparation for possible litigation. See State ex rel. Friedman v. Provaznik, 668 S.W.2d 76, 80 (Mo. banc 1984). In addition, it "protects the 'thoughts' and 'mental processes' of the attorney preparing a case." State ex rel. Polytech, Inc. v. Voorhees, 895 S.W.2d 13, 14 (Mo. banc 1995). The doctrine generally protects "both tangible work product (consisting of trial preparation documents such as written statements, briefs, and attorney memoranda) and intangible work product (consisting of an attorney's mental impressions, conclusions, opinions, and legal theories-sometimes called opinion work product)" from disclosure. State ex rel. Atchison, Topeka and Santa Fe Ry. Co. v. O'Malley, 898 S.W.2d 550, 552 (Mo. banc 1995).

See State ex rel. Ford Motor Co. v. Westbrooke, 151 S.W.3d 364, 367 (Mo. 2004)(en banc). "In order to invoke work product protection, the party opposing discovery 'must establish, via competent evidence, that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or for trial, and (3) were prepared by or for a party or a representative of that party.'" Id.

In the case before the court, defendant is seeking to protect from discovery information learned by defendant regarding persons previously identified by defendant to plaintiff as persons possibly knowledgeable about the case. Plaintiff is not asking for documents or other tangible

material and is not asking for intangible "opinion work product."  The court concludes that the information sought by plaintiff is not any kind of privileged work product.  The motion to compel will be sustained as to this interrogatory.

Documentary Request 15

Plaintiff seeks the disclosure of the income tax returns of defendant and his wife for the period of time beginning five years before the fire and extending to the current time.  At the hearing defendant's counsel indicated that the parties had compromised their positions in that plaintiff would accept three years before the fire and defendant would provide two years before the fire.  No substantial reason being shown for the contrary, the court directs defendant to provide the documents for the tax years beginning three years before the fire.

Documentary Request 22

Plaintiff seeks payroll documents and records of Care Staff, Inc., for the period July 1, 2003, through August 31, 2005, the day of the fire.  At the time of the fire defendant had been employed by Care Staff, Inc., and plaintiff seeks information about defendant's financial stability at the time of the fire, and per force any motive defendant may have had *vel non* for being involved in the fire.  This information appears relevant to the allegations set forth in the pleadings and will be ordered produced.

Documentary Request 26

Plaintiff seeks cleared checks and financial information provided to financial institutions regarding loans by Care Staff, Inc., for the period January 1, 2003, through December 31, 2005.  This discovery will be ordered for the reason set forth regarding Documentary Request 22.

Information release documents

Plaintiff seeks to have defendant execute several written releases authorizing the release of documents by third parties. Defendant argues that the releases are too broad.  The court agrees with defendant.  The

release(s) should be limited to the subject matter and the time periods discussed above.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiff to compel discovery (Doc. 19) is sustained as follows and otherwise denied: Within 20 days of this date, to the extent described above, defendant shall answer Interrogatories 3, 8, and 9; and shall produce documents pursuant to Documentary Requests 15, 22, and 26.

**IT IS FURTHER ORDERED** that plaintiff shall redraft the information releases submitted to defendant to authorize third parties to provide the information approved by the court.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 13, 2006.